**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1516**

———————

BASILE PAUL BOUGHA,

                                              Petitioner,

        versus

ALBERTO R. GONZALES, Attorney General,

                                              Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A95-220-926)

———————

Submitted:  January 31, 2005         Decided:  February 25, 2005

———————

Before LUTTIG, MOTZ, and DUNCAN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville,
Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney
General, Norah Ascoli Schwarz, Senior Litigation Counsel, Ann
Carroll Varnon, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C.,
for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Basile Paul Bougha, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals affirming the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture.

To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Bougha fails to show that the evidence compels a contrary result. Having failed to qualify for asylum, Bougha cannot meet the higher standard to qualify for withholding of removal. Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999); INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987).

Bougha further asserts that he was denied due process at the asylum hearing because the Immigration Court did not provide him with a competent and reliable interpreter. We reject this claim because Bougha fails to show that he was prejudiced by the alleged error. See Rusu v. INS, 296 F.3d 316, 320 (4th Cir. 2002). Finally, we uphold the IJ's finding that Bougha failed to establish that it was more likely than not that he would be tortured if removed to Cameroon. See 8 C.F.R. § 1208.16(c)(2) (2004).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED
